## STOKER, et al. v. YERBY.

1. Detinue will lie by the trustees and deacons of a religious society, to recover a deed which they had deposited with the defendant, and which he refused to re-deliver.
2. One to whom, in common with others, a deed is made as a trustee of a religious society, is seized to the use of the society, and has not such an interest in the land as would authorize him to withhold the deed from those from whom he had received it.

Error to the County Court of Tuscaloosa.

DETINUE for a deed conveying land.

The declaration states, the plaintiffs, as deacons of the Baptist church, established at Bethel meeting house, and successors, as such deacons, of Castleton Lyon, John Yerby, and Wiley McGee, formerly deacons and trustees of said church, complain of John Yerby, &c.—for that the said plaintiffs, on the 24th April, 1845, at, &c., delivered to the defendant, a certain deed, to wit, &c. (describing the land therein conveyed,) which conveyance it alledges, was made for the *purpose* of erecting a house of worship of Almighty God, of great value, &c. to wit, of the value of $1,000, to be delivered to the plaintiffs on request. Yet, although often requested, &c., concluding with the common breach.

The second count differs from the first, only in alledging that they lost the deed out of their possession, and that it came to the possession of the defendant, and that he refuses to deliver it.

To this declaration the defendant demurred, and the court sustained the demurrer. This is the error assigned.

PORTER, for the plaintiff in error.

The delivery was enough to sustain the action. [1 Arch. N. P. 287.] Or, right of possession without delivery. [Ib. 287.

A grant to use of a church not incorporated, grantor stands seized to use. [D. Church v. Veder, 4 Wend. 494.] And trustees *de facto* of a church, not incorporated, may maintain an action. [Green v. Cady, et al. 9 Wend. 414; People v. Russell, 9 Johns. 147 ; 1 Chitty's P. 8; note 10; Jef. Ins. Co. v. Cothral, 7 Wend. 72.]

The power of a successor, in such a case, arises as incident, *ex necessitate.* [1 Cowen, 679.]

MARTIN & HUNTINGTON, contra.

This suit was brought by the plaintiffs as *successors*, &c. to recover a deed, &c.

A demurrer was filed and sustained to the plaintiff's declaration, on the ground that the plaintiffs are not *incorporated*, and could not sue as *successors*, &c. To sustain the opinion of the court below, we rely upon Earnst v. Battle and others, 1 John. Cas. 319; Bumpass v. Richardson, 1 Stew. 16; Ewing v. Metlock, 5 Porter, 82 ; 2 Ala. R. 699.

ORMOND, J.—To maintain detinue, it is not necessary that the plaintiff should have the absolute property in the thing sued for, a special, or qualified property, as that of a bailee, is sufficient against a wrong doer. [Arch. N. P. 286.] .

We understand the declaration to alledge, that the plaintiffs, as deacons and trustees of the Baptist church, established at Bethel meeting house, were possessed of a certain deed, for two acres of ground, on which the church has been erected, that they delivered the deed to the defendant, to be re-delivered to them on request, and that although requested, he refuses to re-deliver it. The second count varies from the first only in charging that the deed came to the possession of the defendant by finding.

It is obvious that no question of title is presented here ; it is the case of a bailee against a wrong doer. It is however insisted, that the declaration shows that the defendant has the right to the possession of the deed. The deed is described

as having been made by William H. Terrell, to Castleton Lyon, Wiley McGee, and the defendant, as deacons and trustees of the Baptist church established at Bethel, in Tuscaloosa county, and their successors in office, upon trust, that the grantees should hold the land, for the purpose of erecting thereon houses suitable for the worship of Almighty God, for the accommodation of the Baptist society, &c. It is obvious that the title is merely vested in these persons, without any beneficial interest, and that they are seized to the use of the Baptist society of Bethel meeting house. [Reformed Dutch Church v. Veeder, 4 Wend. 494.] The defendant therefore had not such an interest in the property conveyed by the deed, as would authorize him to detain it against the acting trustees of the church, from whom he had received it, and who were entitled to the possession, as deacons and trustees of the church.

Whether the plaintiffs could maintain this action, as the present deacons and trustees, and successors of the defendant and others, to whom the possession of the deed was delivered, and without ever having had possession themselves, is a question not presented on the record, by the declaration.

Let the judgment be reversed and the cause remanded.