# WINDHAM COUNTY,

## FEBRUARY TERM, 1868.

[Continued from page 189.]

---

ORMANDO S. HOWARD, *Administrator of* ALMIRA GOODELL, *v.*
WINDHAM COUNTY SAVINGS BANK.

### *Gift. Savings Bank. Husband and Wife.*

A. deposited $220. of her own money in the defendant Savings Bank, in the name of B., and took a deposit book, in which was the following entry by the treasurer of said Bank: "1864, No. 530., B. deposited $220." The treasurer, at the time of the deposit, also entered in the bank books, that B. deposited $220. A. retained said deposit book until her death, and it was found among her papers; and it did not appear that B. knew of the gift during her life, she having died previous to A.'s decease. *Held*, this was a perfected gift; that the deposit book was not negotiable, and the bank was not bound to pay said deposit to A.'s administrator upon the order of B.'s father, who was her sole heir; and that the said money belonged to B.'s estate, independent of her husband, B. having been married at the time of the deposit, and at the time of her death.

THIS was an action of assumpsit, containing the common counts, and a special count. Plea, general issue. Trial by jury, April Term, 1867, BARRETT, J., presiding.

Upon the facts set forth in the opinion, the court directed the jury to return a verdict for the defendants,—to which the plaintiff excepted.

*Flagg & Waterman*, and *A. Stoddard*, for the plaintiff.

*H. H. Wheeler*, for the defendants.

The opinion of the court was delivered by

WILSON, J. The plaintiff's intestate on the 5th day of January, 1864, deposited of her own money in the defendant bank $220 in the name of Adaline F. Brown, a niece of hers, and took a deposit

book upon which was made the following entry by the treasurer of said bank, namely, "1864, No. 530. *Adaline F. Brown* deposited $220." Adaline F. Brown at the time of the deposit, was the wife of Gilman B. Brown. She died in May, 1865, and the plaintiff's intestate deceased in August following. The deposit book was found among the effects of the intestate immediately after her decease, and came into the hands of the plaintiff as her administrator ; he demanded the amount due on said deposit, and gave the notice required by the by-laws of the bank. Gilman B. Brown, the husband of Adaline F. Brown, claimed the money and demanded it of the defendant. The exceptions state that there was no evidence to show that Adaline F. Brown had any knowledge of the deposit in her life time, or that her husband had such knowledge till after the decease of Almira Goodell. It is claimed by the plaintiff that the $220. did not pass as a gift from Almira Goodell to Adaline F. Frown, and that the deposit belongs to the estate of his intestate. The first question is, whether it is shown by the exceptions that the money was so far delivered or transferred to the donee by the deposit as to place it beyond the control of the donor. The deposit book, which is made a part of the case, contains articles 10 to 22 inclusive of the by-laws of the bank. It is claimed by the plaintiff that the deposit was made agreeably to article 10 of the by-laws, which provides that " all deposits shall be entered in the treasurer's books and duplicates shall be given to each depositor ; and each depositor on his first deposit shall by that act be considered as assenting to and be bound by all by-laws and regulations of the corporation." The defendants claim that the deposit was made in pursuance of article 22, which provides that " any depositor may designate at the time of making his deposit, the period for which the same shall remain in the institution, and the person for whose benefit the same is made ; and such depositor, and his or her legal representatives, shall be bound by such condition by him or her voluntarily annexed to such deposit, and in case of the dissolution of the corporation, the same shall be paid to such person as may be legally entitled thereto." In the view we take of the law as applicable to the facts in this case, it is wholly immaterial as to the result whether we regard the deposit as having been made agreeably to the 10th or

22d article of the by-laws, for it appears that both Almira Goodell and the bank at the time the deposit was made, treated it as made by Adaline F. Brown and as her property. The treasurer of the bank, at the time the deposit was made, and agreeably to the by-laws of the corporation, entered in the bank books, that "Adaline F. Brown deposited $220," and made a duplicate thereof in the name of and for Adaline F. Brown. The presumption is that all this was done by and under the direction of the donor, and intended by her as evidence of a perfected gift. The bank in virtue of the deposit had the right to regard Adaline F. Brown as the depositor and legal owner of the money. The transaction constituted an agreement, a legal privity between the bank and Adaline F. Brown, by force of which the bank became accountable to her and to no other person ; she thereby became bound by the by-laws and regulations of the corporation in respect to the deposit, after which the donor had no power to recall the gift, and it is not claimed that she ever attempted to recall it. It is evident that article 22 is intended for a case where the depositor deposits money in his own name for the benefit of some third person, but in such case the depositor and his or her legal representatives are, by the express terms of the article, bound by the condition annexed to the deposit, and whatever interest or right is designated for the person for whose benefit the deposit is made, is transferred to and protected in such third person as fully as in the case of a deposit agreeably to article 10. If we should treat Almira Goodell as the depositor, the deposit being in the name of Adaline F. Brown, and no other person being named for whose benefit the deposit was made, the law would imply, in the absence of proof to the contrary, that it was made for the benefit of Adaline F. Brown, and as her own property absolutely. It is insisted by the plaintiff's counsel that the deposit book was the evidence of the deposit, and that was retained by the intestate ; that by article 16, taken in connection with article 21, the defendants were liable to pay the deposit to the lawful holder of the deposit book, therefore, the plaintiff's counsel say, the gift was never perfected. It is true that the deposit book is evidence of the deposit, but it is no better evidence than the entry of the deposit made in the treasurer's book and retained by

him. Suppose the treasurer had neglected to make and deliver a duplicate of the deposit, we think it would hardly be claimed that the rights of the bank or the depositor would be affected by such neglect. But it is true that a duplicate of the deposit was made and delivered and was retained by the intestate and found among her effects after her decease. I have before remarked that the deposit book found among her effects was evidence, it was evidence only that Adaline F. Brown had deposited $220. in the defendant bank, but the book, in the hands of Almira Goodell, the defendants knowing as they did, the origin and character of her possession of it, was no evidence to the defendants that she had any interest in or right to the deposit. The possession of the book alone, gave the intestate no power or authority to control the deposit or to interfere with it. The intestate could have derived no authority or aid from article 16 or 21 of the by-laws by reason of having the book in her custody, unless it was accompanied by the written order of Adaline F. Brown. Article 16 provides that, " when any person shall receive either principal or interest, his original deposit book shall be produced that the payment may be entered therein; but in case of sickness, or absence, the money may be paid to the written order of the depositor, accompanied by the said book." Article 21 provides that " as the officers of this bank may be unable to identify every depositor transacting business at the office, the institution will not be responsible for loss sustained when a depositor has not given notice of his book being lost or stolen, if such book be paid in whole or in part on presentation." This article is intended for the protection of the bank against loss occasioned by the fraud of the person presenting the book, and where they have paid the deposit in good faith, believing that the deposit book was presented by the depositor in person; but the article gives no right to the person who presents the deposit book which he could not claim under article 16, therefore Almira Goodell, by reason of her custody of the book, could not have legally obtained the money without the consent of Adaline F. Brown. It is said there is no evidence in the case that the donee had knowledge of the gift. The presumption is that she did have such knowledge; it appears that the donor lived several months after the decease of the donee, and

there is no evidence in the case that the donor, before or after the death of the donee, asserted any right to the money, or made any effort to recall it. These circumstances unexplained, tend to prove that the donor, after the death of the donee, regarded the deposit as a part of the estate of the donee. The donor was, previous to this transaction, a depositor; she had in her possession, for several months next before her decease, the by-laws and regulations of the defendant's bank and was familiar with them, but there is no evidence in the case that she, at any time after the deposit, made any claim against the bank for the money, or that the bank ever recognized any liability to her on account of the deposit. We are of opinion that the plaintiff's intestate had no, interest in the deposit at the time of her decease.

II. It is claimed that the order from Aaron Bemis written upon the deposit book, is sufficient to entitle the plaintiff to recover the money in this action. It appears that Adaline F. Brown deceased, having no children; she was the daughter of Aaron Bemis, who was heir to her estate; he did not claim the deposit, but conceded it belonged to the estate of Almira Goodell, and by his written order directed the defendants to pay it to the plaintiff. The certificate or book of deposit, contains no promise to pay the money to the bearer of it, or to the order of Adaline F. Brown, and it is clearly not negotiable. For this reason the written order of Aaron Bemis did not transfer to the plaintiff the legal title to the money. In order to entitle the assignee of an equitable interest merely, to maintain a suit at law in his own name, it is incumbent on him to show that the defendant promised to pay the debt to such assignee. There is no evidence in the case that the defendants ever promised to pay the money to the plaintiff, the order, therefore, cannot be made the ground of a recovery in this suit.

The views already expressed by us, dispose of the questions presented by the bill of exceptions as between the parties to this suit. But it appears that the suit has been defended by Gilman B. Brown, who claims the money on the ground that he was the husband of Adaline F. Brown at the time the gift was executed, and at the time of her decease. As the question, whether the money became his

39

property in the lifetime of his wife, has been pretty fully discussed by the counsel on both sides, and for the purpose of avoiding further litigation in respect to facts about which there does not seem to be any dispute, we deem it proper to state briefly the views entertained by us as to the law applicable to the facts shown on which his claim is asserted. The deposit was a gift from Almira Goodell to the wife of Gilman B Brown, and this fact is conceded by him. It is clear from the evidence by which the gift was accompanied, that the money was intended as a gift to the wife alone, to be enjoyed by her as her own separate estate. It is not shown or claimed by the husband that he, by the exercise of any control over, or right to the deposit, or by any act in respect to it, in the lifetime of his wife, reduced it to his possession. But it is claimed by his counsel, that the gift, by operation of law, vested immediately in the husband, and it is upon this ground alone, that he claims the money. It has been repeatedly decided in this state, that the wife has the right to her seperate property, whether acquired before or during coverture, and in the latter case, whether the acquisition is the result of gift or inheritance, and in every such case she will hold against her husband and his heirs, and generally against his creditors. The choses in action of the wife, in this state, who dies intestate, and without issue, unless reduced to possession by the husband in her lifetime, belong to her estate, and not to that of her husband, and go to her heirs, and not to her husband. *Porter* v. *Bank of Rutland*, 19 Vt. 410 ; *Richardson, Adm'r,* v. *Estate of Merrill et al.*, 32 Vt. 27 ; *Heirs of Holmes* v. *Adm'r of Holmes*, 28 Vt. 765 ; *Richardson* v. *Wait*, 39 Vt. 535. The doctrine of these cases, applied to the facts upon which the husband claims title to the deposit in question, renders it quite clear that the property did not vest in him, but it belongs to the estate of his wife. The result is, that the judgment of the county court is affirmed.