GEORGE JEWETT NORTHROP in equity *vs.* CLARENCE HALE, administrator of the estate of ELIZABETH M. ROBINSON.

MARY ELIZA NORTHROP in equity *vs.* SAME.

Cumberland. Opinion June 1, 1881.

*Savings bank deposit. Gift. Evidence aliunde the bank book.*

R deposited a sum of money in a savings bank in the name of her nephew, N, with a memorandum that the deposit can be paid to R. She retained the deposit book in her possession and drew out the dividends and part of the principal during her lifetime. At her death, the deposit book was passed to the administrator. *Held,* in a suit in equity by N against the administrator of R, for the amount of the deposit at R's death, that evidence *aliunde* as to the intention of R in making the deposit, is admissible to vary the effect of the entries in the deposit book.

ON AGREED STATEMENT OF FACTS.

Two bills in equity to obtain from the defendant the amount of deposits made by his intestate in her lifetime in a savings bank.

| 72 | 275 |
|----|-----|
| 73 | 71 |
| 75 | 31 |
| 83 | 377 |

The deposit books which were retained by her during her life, had the following headings :

In the first case : "No. 18999, Maine Savings Bank in account with George Jewett Northrop, *c. b. p.* Eliza M. Robinson."

It was agreed that the letters "*c. b. p.*" meant, "can be paid."

In the second case : "No. 20607, Dr. Portland Savings Bank in account with Mary Eliza Northrop, Cr." and over the name of Mary Eliza Northrop, was written, "Sub. to Mrs. E. M. Robinson."

It was agreed in each case, that if evidence *aliunde* as to the intention of Mrs. Robinson in making the deposit is admissible to vary the effect of the entries, the cases are to stand for trial upon the answers and proofs in the usual manner.

*Drummond and Drummond,* for the plaintiff, in each case, contended that the transaction showed the establishment of a trust in Mrs. Robinson, in favor of the plaintiffs, and their argument was directed to that point, and cited many authorities bearing upon it.

*Clarence Hale,* for the defendant, contended that there was no trust, citing many authorities to the point. And there being no explicit statement of a trust, any statement of Mrs. Robinson, or other evidence, *aliunde,* would be immaterial. In view of the fact that the muniments of title were retained by her, no words of hers spoken so many years ago ought to be received to affect the title to the property. No statements of an alleged donor can be allowed to supplement and help out a defective declaration of trust. *Young* v. *Young,* 21 Alb. Law. J. 395.

WALTON, J. Money is often deposited in savings banks in such a form, or under such circumstances, as to give rise to litigation to determine who is the owner of it. The following are samples of this class of cases : *Blasdel* v. *Locke,* 52 N. H. 238, where the donor deposited money in a savings bank in the name of her niece, keeping the bank book herself. *Howard* v. *Windham Bank,* 40 Vt. 597, where A deposited money belonging to himself to the credit of B, keeping the deposit book himself. *Gardner* v. *Merritt,* 32 Md. 78, where a deposit was made by a grandmother in the name of five minor grandchildren,

but subject to her order, or the order of her daughter. *Minor* v. *Rogers*, 40 Conn. 512, where the deposit was made in this form : "Mary Daniels, trustee of William A. Minor." *Ray* v. *Simmons*, 11 R. I. 266, where the deposit was in this form : "Dr. Fall River Savings Bank, in account with Levi Bosworth, trustee for Marianna Ray, Cr." *Hill* v. *Stevenson*, 63 Maine, 364, where the deposit was made in the name of the donor and the bank book was delivered to the husband of one of the intended donees. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, where a father made three deposits as trustee, one in trust for his only son, and the others in trust for two grandchildren, taking separate deposit books and keeping them in his own possession. In all of these cases the gifts were sustained ; but, to enable the court to do so, resort was had to extraneous evidence, to ascertain the intent of the donors. And in the case last cited, the competency of such evidence was one of the questions submitted to the court, and the court held it was admissible.

The case now before us is one of the same class. Mrs. Robinson deposited money in the Maine Savings Bank to the credit of the plaintiff, keeping the deposit book herself, and having minuted upon it that the money could be paid to her. Mrs. Robinson is now dead, and the question is, who is entitled to this money, the plaintiff, in whose name it was deposited, or the administrator of Mrs. Robinson, by whom the deposit was made. The case is before the law court on an agreed statement of facts. One of the questions submitted is whether "evidence *aliunde* as to the intention of Mrs. Robinson in making the deposit is admissible to vary the effect of the entries." If it is, the case is to stand for trial ; otherwise the court is to decide it upon the facts stated. We think the evidence is admissible. Such evidence was admitted in all the cases cited, and we have been referred to no case in which such evidence was rejected. In the case last cited (128 Mass. 159), it was one of the points expressly decided. Consequently, the entry must be,

*Case to stand for trial.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.