# Wetzler *v.* Kelly & Co.

*Statutory Claim Suit for Bales of Cotton.*

1. *Judicial knowledge of planting.*—It is a matter of common knowledge, of which the courts will take judicial notice, that cotton is not planted in Alabama until after January.

2. *Mortgage of unplanted crop.*—A mortgage of an unplanted crop does not convey a legal title, on which the mortgagee may maintain a statutory claim suit, unless there has been an actual delivery of the crop after it has been gathered.

3. *Same; what constitutes delivery.*—Proof of a conversation had in September, between the mortgagor and the mortgagee's agent, in which the former said, "*You have a mortgage; all that is yours, you can have it,*" referring to the crop; and in which the agent then told him to haul the cotton to the gin, have it ginned, and carry it to town, does not show a delivery of the cotton, nor change its *status.*

4. *Retroactive statutes.*—The statute approved February 28th, 1887, the proviso to which allows the holder of a lien or equitable title to maintain a statutory claim suit (Code of 1886, § 3004), not being expressly made applicable to actions pending at the time of its approval, the courts will not give it such retroactive operation; but, whether it might not have been made thus retroactive, is not decided.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory trial of the right of property in and to 3,000 lbs. of seed-cotton, between S. A. Wetzler, plaintiff in execution against J. L. Wright, and G. W. Kelly & Co. as claimants; and was submitted for decision in the court below on an agreed statement of facts, as follows: "G. W. Kelly & Co., claimants, held a mortgage on the crops of said J. L. Wright, for the year 1886, which was executed on the 11th January, 1886, became due on the 1st October, and was duly recorded. Some time in October, 1886, an execution on plaintiff's judgment in a justice's court, against said J. L. Wright, was levied on about 3,000 lbs. of seed-cotton in the

possession of said Wright; and claim made thereto by said Kelly & Co., and affidavit and bond filed. The execution was regularly levied. In September, 1886, H.E. Whaley, as the agent of Kelly & Co., called on said Wright for a settlement of his indebtedness to them; when Wright said, referring to the ungathered crop and also to the cotton in controversy: '*You have a mortgage*; *all that is yours—you can have it*,' referring to the crop. Said Whaley then instructed Wright to haul the cotton to the gin, have it ginned, and bring it to Newton; but the cotton never came into the actual possession of Whaley, and was allowed to remain in the possession of said defendant, Wright; and while in his possession, plaintiff's execution was levied on it. The cotton in dispute never was in the possession of the claimants, and they did not exercise control over it while in the possession of Wright, except as above stated. Claimants' mortgage is still unpaid, and the cotton will be consumed to pay it." On these agreed facts, the court charged the jury, on request, "that they must find for the claimants, if they believed the evidence." The plaintiff excepted to this charge, and he here assigns it as error.

M. E. MILLIGAN, for the appellant.—To maintain a statutory claim suit, the claimant must have a legal title.—*Columbus Iron Works v. Renfro*, 71 Ala. 577; *Shahan v. Herzberg*, 73 Ala. 59; *Abraham v. Carter*, 53 Ala. 8. The claimants' mortgage did not convey a legal title, having been executed before the crop was planted.—*Hurst v. Bell*, 72 Ala. 336; *Collier v. Faulk*, 69 Ala. 58; *Grant v. Steiner*, 65 Ala. 499. The evidence did not show any delivery of the gathered cotton, but it does show that possession was never taken by the mortgagees or their agent.—Jones on Chattel Mortgages, 180–81; *Jones v. Richardson*, 10 Metc. 481; *Head v. Goodwin*, 37 Me. 181. The statute amending section 3341 of the Code of 1876, and authorizing the holder of an equitable lien or claim to try the right of property at law, does not affect this case, which was pending when that statute was passed.— *Warten v. Matthews*, 80 Ala. 421; *Farris & McCurdy v. Houston*, 78 Ala. 250; *Edwards v. Williamson*, 70 Ala. 145; Wade on Retroactive Laws, 39.

H. L. MARTIN, *contra*.

STONE, C. J.—It is manifest that the present judgment

must be reversed, unless the facts which occurred when Whaley visited Wright in September, or the act "to amend section one of an act entitled an act to amend section 3341 of the Code," works a change of the rights of the parties. The statute was approved February 28, 1887.—Sess. Acts, 150; Code of 1886, § 3004; *Columbus Iron Works Co. v. Renfro*, 71 Ala. 577; *Marks v. Robinson*, 82 Ala. 69.

Wetzler, the appellant, claimed a lien on the cotton in controversy, under an execution issued on a judgment against one Wright, and which was levied on the cotton, as Wright's, in October, 1886. The cotton, when levied on, was on the land on which it was grown, the home of Wright, the defendant in execution. The cotton had been grown by Wright.

Kelly & Co. interposed a statutory claim to the property, by affidavit filed, that they had a just claim to it. This claim was interposed October 16th, 1886, after the levy of Wetzler's execution. Kelly & Co. had a mortgage on the crop to be grown by Wright in 1886, which was dated in January of that year. It is common knowledge that crops of cotton are not planted in this State until after that time.

The crop not being planted when the mortgage was made to Kelly & Co., they were without legal title to it, and could not maintain their claim at law, by the mere force of the mortgage itself.—*Col. Iron Works v. Renfro*, 71 Ala. 577; 3 Brick. Dig. 776, §§ 7 and 8; *Marks v. Robinson*, 82 Ala. 69; *Jackson v. Bain*, 74 Ala. 328.

The testimony of Whaley neither proved, nor tended to prove, a delivery of the cotton to him as the agent of the claimants. He did not take possession, nor was it contemplated that he should do so. The remark of Wright referred alike to the ungathered crop, and to that which had been gathered. He said: "You have a mortgage. All that is yours—you can have it," (referring to the crop.) "Whaley instructed Wright to haul the cotton to the gin, have it ginned, and bring it to Newton; but the cotton never came into the actual possession of Whaley, and was allowed to remain in possession of Wright, defendant in execution and mortgagor." While so in his possession the levy of Wetzler's execution was made, out of which the present contest grew. The remark of Wright had reference alone to the interest the mortgage secured to Kelly & Co., and neither changed the *status* of the property, nor was intended to do so.

Nor can the statute, enacted after the present claim suit

[Roman v. Thorn & Gorrie ]

was instituted, affect the rights of the parties.—Code of 1886, § 3004. As we have shown, when the claim was interposed by Kelly & Co.—October 16th, 1886—they were without a title which would avail them in this character of suit. We need not inquire whether it was within the pale of legislative power to heal this imperfection by retroactive enactment.—*Ala. Life Ins. & Trust Co. v. Boykin*, 38 Ala. 510; *Coosa River Steamboat Co. v. Barclay*, 30 Ala. 120. It is sufficient for the wants of this case, that in the act approved February 28, 1887—Sess. Acts, 150—no intention is shown to give it a retrospective operation. We feel bound, therefore, to hold that that statute can exert no influence in the decision of this case.—2 Brick. Dig. 462, § 31; *Farris v. Houston*, 78 Ala. 250; *Warten v. Matthews*, 80 Ala. 429; *N. E. Mortg. Sec. Co. v. Board of Rev.*, 81 Ala. 110. As a rule, parties can maintain or defend suits, only on the title they have when the suit is commenced.

In what we have said, it is not our intention to declare that the legislature may not provide a new remedy, which shall apply to existing rights, as well as to those afterwards to accrue.—*Anonymous*, 2 Stew. 228; *Bartlett v. Lang*, 2 Ala. 401; *Paschal v. Whitsett*, 11 Ala. 472; *Holman v. Bank of Norfolk*, 12 Ala. 369. What we do decide is, that when a suit is instituted, or a defense is interposed, which is at the time unauthorized by the law, a subsequent statute giving such remedy does not operate on the existing suit, especially when it does not provide it shall so operate.

Reversed and remanded.