55 489
,125a 767

JOHN W. MACY, as TRUSTEE OF THE TRUST ESTATE FOR THE BENEFIT ON ELEANOR HILDICK, FORMERLY HELD BY BENJAMIN L. GUION, DECEASED, RESPONDENT, v. DAVID T. WILLIAMS AND ISAAC M. HUNT, as EXECUTORS OF THE LAST WILL AND TESTAMENT OF BENJAMIN L. GUION, DECEASED, APPELLANTS.

*Deposit of money in a savings bank by the depositor as trustee for another — a valid trust is created thereby.*

A deposit was made in a savings bank, the depositor receiving therefor a pass-book containing an account opened with him as trustee for Eleanor Hildick. After receiving the pass-book he left it with the mother of Eleanor Hildick for some considerable time, but subsequently obtained the book and drew the money out of the bank and then died.
*Held*, that his executor was chargeable to the beneficiary of the trust with the amount of the money so drawn by the testator.

APPEAL by the defendants, upon the questions of law and upon the facts, from a judgment, entered, upon the report of a referee, in favor of the plaintiff, in the office of the clerk of the county of Kings on the 4th day of November, 1889, for the sum of $3,335,30; also from an order granting to the plaintiff an allowance of fifty dollars, by way of additional costs, entered in the said clerk's office on the 4th day of November, 1889.

The complaint alleged that in the month of March, 1887, Benjamin L. Guion had in his possession a sum, upwards of $1,000, which was held, managed and controlled by him for Eleanor Hildick; that, in the month of March, 1887, the said Guion died leaving said trust incomplete, and his duties, as such trustee, unfulfilled; that, by an order of the Supreme Court, made on the 28th day of December, 1888, the plaintiff was appointed a trustee in his place to execute the trust for the benefit of the said Eleanor Hildick, and thereafter duly qualified as such trustee.

*Sidney S. Harris*, for the appellant.

*Charles N. Judson*, for the respondents.

DYKMAN, J.:

This action is instituted by the plaintiff, as trustee of Eleanor Hildick, against the executors of Benjamin L. Guion, deceased.

The trial was before a referee, who found the following facts: Benjamin L. Guion in his lifetime opened accounts with two banks for savings, and made deposits in each, which he declared were in trust for Eleanor Hildick, his grand-niece. When such accounts were opened and the deposits made, Guion received from each of the banks a pass-book containing a statement that the accounts were with him as trustee for Eleanor Hildick. After such pass-books were received by Guion he left them for a considerable time with the mother of Eleanor, but they were subsequently returned to him and he drew out all the money so deposited during his lifetime for his own benefit.

Guion died in March, 1887, and the defendants are the executors of his last will and testament. The plaintiff has been appointed the trustee of Eleanor Hildick, and he commenced this action against the defendants, as such executors, for the recovery of the money so drawn from the savings banks, upon the theory that they belonged to Eleanor Hildick when they were drawn out by Guion, and that he was her trustee in respect to such funds, and received the same in that capacity.

There is no material dispute respecting the facts, and the findings of the referee are well sustained by the testimony. Upon such facts the conclusion of law of the referee was that the transaction

between the banks and Guion constituted a valid declaration of trust, and that the plaintiff was entitled to recover the amount drawn from the banks by Guion in his lifetime. Judgment was entered upon the report of the referee in favor of the plaintiff, from which the defendants have appealed to this court.

The testimony in this action developed a case stronger in favor of the plaintiff than the case of *Martin* v. *Funk* (75 N. Y., 134), where it was held that the transaction was a valid and sufficient declaration of trust, and passed the title to the deposits, the depositor constituting herself a trustee, and the retention of the pass-books, which were simply the vouchers for the property, must be deemed to have been as trustee, and was not inconsistent with the completeness of the gift.

In the case of *Boone* v. *Citizens' Savings Bank* (84 N. Y., 86) the Court of Appeals, in the opinion, said the case of *Martin* v. *Funk* determined that the deposit made with the bank constituted the depositor a trustee for the person for whom the deposit was made, and transferred the title to the fund from the depositor as an individual to her as a trustee. It was also said of that case that it determined that, in an action by the beneficiary against the administrator of the trustee and the depository, the beneficiary was entitled to the delivery of the pass-book and to receive the money from the bank.

It was also said in that case that if the depositor in her lifetime had demanded the money from the bank and presented the pass book, no claim by the beneficiary having been interposed, the bank would have been bound to pay; and it was further said in that case that, upon the death of the depositor, her rights as trustee devolved upon her administrators.

Those principles, so enunciated, seem to be decisive of this case upon the merits. When the depositor, Guion, drew out the funds in question, he received the same as trustee of Eleanor Hildick, to whom they belonged, and held them in that capacity; and, upon his death, his rights and liabilities as such trustee devolved upon his executors, and as he was under legal obligations to account to her for such fund in his lifetime, so his executors are now liable to account to her after his death. Guion, in his lifetime, held the fund as trustee for the plaintiff, and the defendants hold it in the same

capacity. We conclude, therefore, that the trust and the trust relations were fully established and the plaintiff is entitled to recover.

In respect to the capacity of the trustee to sue we have little trouble. He is the trustee of the beneficiary with her assent, and the action is prosecuted for her benefit, with her knowledge and consent, and the defendants stand in no danger of a second recovery.

There may have been no necessity for the appointment of a new trustee, inasmuch as the money belonged to Eleanor Hildick; and if it should now be deemed necessary, the whole proceedings can be amended on this appeal by striking out the name of the trustee and making the beneficiary the sole plaintiff.

We conclude, however, that the allowance of costs to the plaintiff was erroneous. The defendants were not allowed sufficient time to consider the claim before the action was commenced, and cannot be said to have unreasonably resisted the claim or the offer to refer.

The judgment should be modified by striking out the costs and allowance, and, as so modified, affirmed, without costs of this appeal.

BARNARD, P. J., concurred.

Judgment affirmed, with modification striking out order granting allowance, and judgment, as modified, affirmed, without costs.