(32 Misc. Rep. 35.)

KOPF v. DRY–DOCK SAV. INST.

(Supreme Court, Trial Term, New York County. June, 1900.)

SAVINGS BANKS—DEPOSITS IN WIFE'S NAME—RECOVERY BY HUSBAND.
　　Plaintiff, accompanied by his wife, deposited money in her name with the defendant, a bank, and, as a condition of opening the account, the wife signed the by-laws of the defendant, one of which provided that on the death of a depositor the amount to his credit should be paid to his legal representatives. *Held*, that on his wife's death plaintiff could not maintain an action against the bank for the amount remaining to her credit on the ground that it was his earnings.

　　Action by Louis Kopf against the Dry-Dock Savings Institution to recover money on deposit. Judgment for defendant.

　　S. D. Levy, for plaintiff.
　　Benjamin Wright, for defendant.

　　McADAM, J. The plaintiff, accompanied by his wife, on April 11, 1895, went to the defendant's bank, and a deposit of $500 was then made in said bank in the wife's name. Subsequently other deposits were made, and certain moneys withdrawn, so that on September 16, 1900, there was left a balance to the wife's credit of $1,525.65. On the last-named date she died, leaving, her surviving, her husband, the plaintiff, and three minor children. The plaintiff now sues the bank to recover said balance, on the ground that the moneys deposited were his earnings, citing Beaver v. Beaver, 117 N. Y. 428, 22 N. E. 940, 6 L. R. A. 403, and Orr v. McGregor, 43 Hun, 528, to sustain his right of action. In those cases the persons in whose names the accounts were opened had nothing whatever to do with opening the accounts, and no knowledge of the transactions at the time; hence neither a gift nor a trust necessarily followed in their favor. In this instance, however, the wife accompanied her husband to the bank when the account was opened, and, as a condition of opening it, she was required to and did subscribe to the by-laws of the bank, one of which (article 9, § 3) provides that "on the decease of any depositor the amount standing to the credit of the deceased shall be paid to his or her legal representatives." Under the circumstances the plaintiff is as much bound by this by-law as the depositor herself, it being the condition on which the deposit was received. See Howard v. Bank, 40 Vt. 597. The entries in the books of the defendant and in the pass book of the depositor, and the by-laws, which are signed by the depositor, constitute the contract between the parties and the bank. Clearly, a judgment in favor of the plaintiff would leave the bank open to an action by the legal representatives of the depositor, who are not parties to the record, and cannot be concluded by any adjudication made here. It follows, therefore, that the plaintiff has misconceived his remedy, and there must be judgment for the defendant.