# Hicks v. Meadows, et al.

### Injunction.

(Decided February 11, 1915. Rehearing denied June 30, 1915. 69 South. 432.)

1. *Gifts; Validity.*—A gift of personal property, without delivery is ineffectual to pass title to the donee; therefore, where the alleged donor deposited money in a bank, taking a certificate of deposit payable to himself, or on his death to others, there was no executed gift, the same not being irrevocable.

2. *Injunction; Right to Sue.*—Construing Sections 2489, 4958, 5156, 5158, Code 1907, it is held that a certificate of deposit payable to defendant on the death of the depositor, but which, before his death, was transferred by him to plaintiff without endorsement, plaintiff might sue to enjoin the defendant from maintaining detinue for the certificate of deposit, notwithstanding the provisions of Section 2489, since, if the action were only against the bank issuing the certificate, it might be maintained by plaintiff as the real party interest, even though plaintiff's title would not be recognized in an action of detinue.

3. *Same; Relief Granted.*—As a court of equity will afford complete relief where it has taken jurisdiction for one purpose, in such a case relief might be had against the bank issuing the certificate, and hence, it was not improper to make the bank a party.

4. *Detinue; Action.*—An action of detinue may be maintained for the recovery of specific property, such as a note or certificate of deposit.

5. *Bills and Notes; Ownership; Possession.*—Possession of an unendorsed certificate of deposit is only prima facie evidence of ownership.

6. *Detinue; Title.*—A mere equitable title is not sufficent to sustain or defeat an action of detinue.

(Sayre, Somerville and Gardner, JJ., dissent.)

APPEAL from Houston Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by W. J. Hicks against Joe Meadows and another to restrain the prosecution of a detinue suit for the

recovery of a certificate of deposit. From a decree sustaining demurrer to the bill, complainant appeals Reversed and remanded.

E. S. THIGPEN, and F. M. GAINES, for appellant.

ESPY & FARMER, and E. H. HILL, for appellee.

THOMAS, J.—The appeal is taken from the ruling of the chancery court on demurrer to the original bill, praying that the appellees, Joe Meadows and Judge Meadows, be enjoined from prosecuting their suit in detinue pending in the circuit court, and from interfering with appellant, W. J. Hicks, in the collection of the moneys alleged to be due him by the Bank of Ashford on a certain certificate of deposit, which certificate is in the following language:

"(Certificate Not Subject to Check of Deposit.)
				"Bank of Ashford.				No. 70.
			"Ashford, Ala., Feb. 9th, 1912. $600.00

"W. J. Meadows has deposited in this bank six hundred and no/100 dollars in current funds payable to himself, or in case of his death to Joe & Judge Meadows, 12 months after date, with interest to maturity only at the rate of 5 per cent. per annum, on the return of this certificate properly indorsed. No interest after 12 months unless renewed.

					"W. W. Cook, Cashier.
		"Not over six hundred $600$
		"Gold Ctf. Safety Paper."

The allegations of the bill are that neither Joe Meadows nor Judge Meadows had any interest in the money loaned to the said bank, but that it was the individual property of W. J. Meadows; that during the month of March, 1912, he gave and delivered this certificate of

deposit of the Bank of Ashford to appellant who is now in possession of the certificate, and has been in such possession since it was given him; and that demand for payment, on the date of its maturity, was made by him on the bank, and the bank refused to pay. It is further alleged that, after the death of W. J. Meadows, Joe Meadows and Judge Meadows instituted a suit in the circuit court against appellant to recover the certificate of deposit, and, unless they were enjoined, would at law recover said certificate and collect the money thereon from the bank. The bill further alleges that at the time the certificate was given and delivered to plaintiff by W. J. Meadows "no legal transfer of said certificate was made, and that he has no adequate remedy at law for the proper defense to the said action (of detinue) brought by said Joe Meadows and Judge Meadows," and that, unless they are enjoined from further prosecuting said suit, it will result in great damage to the appellant. The bill further alleges that he is entitled to have the status of the loan to the bank, and the possession of the certificate of deposit, adjudicated in the chancery court.

Joe Meadows and Judge Meadows and the Bank of Ashford were made parties respondent. A writ of injunction was asked, to restrain and enjoin Joe Meadows and Judge Meadows from further prosecuting the suit at law in the circuit court, or from interfering with the collection of the money alleged to be due the appellant, or from taking any action as to the certificate of deposit, or the collection of the money due thereon, and that on final hearing appellant be adjudged entitled to recover the money on said certificate. A preemptory writ of injunction was ordered by the judge of the Twelfth judicial circuit, and the writ so issued was re-

turnable to the chancery court of Houston county, Ala.

We must first declare the legal effect of the certificate made "payable to himself, or in case of his death to Joe and Judge Meadows." Was there a perfected gift of W. J. Meadows to Joe and Judge Meadows of the money secured thereby? What was the intention of W. J. Meadows at the time of the taking of the certificate so made payable? Did he intend an irrevocable and absolute gift to them?

(1) It has long been the law of the state that a gift of personal property, without delivery, is ineffectual to pass title to the donee.—*Huddleston v. Huey*, 73 Ala. 215. If anything remains to be done, to perfect the gift—if there be a reservation of the use or enjoyment of the thing—it is not a valid executed gift. An executed gift is irrevocable.—*Walker v. Crews*, 73 Ala. 412, 417; *Sayre v. Weil*, 94 Ala. 466, 470, 10 South. 546, 15 L. R. A. 544; *Minor v. Rogers, Ex'r.*, 40 Conn. 512, 16 Am. Rep. 69.

To answer the question, we note that in *Nutt v. Morse*, 142 Mass. 1, 6 N. E. 763, where Calvin Morse made savings deposits as follows "Book 3006, $1,000. Calvin Morse in trust for Reese Morse." Book 3007, $1,000. Calvin Morse in trust for Edgar S. Hays."— and made similiar deposits for other brothers and sisters, it was held to be clear that there was no perfected gift to either of the claimants. The evidence in the case showed that Calvin Morse informed the claimants that he controlled the funds while he lived, but that *"it was theirs after he died."*

In *Garrish v. N. B. Sav. Bank*, 128 Mass. 159, 35 Am. St. Rep. 365, A. made a deposit in trust for his son by name, and for his grandchildren by name. The rule was declared that it was not enough that the testator

manifested an intention to create the trust and to make the gift at some future time, but that the act of transfer must be fully and completely executed.

In *Macy v. Williams,* 55 Hun, 489, 8 N. Y. Supp. 685, the depositor received a passbook containing an account opened to him as trustee for Eleanor Hildick; he left it with the mother of the cestui que trust for a considerable time, but subsequently obtained the book and drew the money and thereafter died. It was declared that the gift was completed, and that when he drew the money he held it as trustee, and that for it his estate was liable.

On the question of gift vel non, it was decided in *Orr v. McGregor,* 43 Hun, 528, that where one deposits his money in a bank to the credit of another, *without qualification expressed at the time,* the deposit is prima facie evidence of the gift. Yet evidence may be received to show the real intention. If the depositor retains the passbook, intending not to deliver the same presently, nor to consummate the gift evidenced by the deposit, but to await some future date or the happening of some contingency, the donation is not accomplished by the deposit.

In *Howard v. Savings Bank,* 40 Vt. 597, the passbook and knowledge of the deposit were withheld from the person credited with it, and the depositor died without having asserted any right to the money, or having made any effort to recall the gift, and the conclusion was that the title passed to the donee.

In *Pope v. Burlington Sav. Bank.* 56 Ver. 284, 48 Am. Rep. 781, the deposit was made by the plaintiff's intestate to the credit of C., *payable to himself.* He re claimed the deposit book, and the money could not be drawn without its production. It was held not a gift,

for the reason that the depositor did not part with the dominion over the liability of the bank to pay, and could not be treated as a trustee in behalf of C. The question is generally one of intent, which is not necessarily governed by the form of the deposit. —*Robinson v. Ring.* 72 Me. 140, 39 Am. Rep. 308; *Northrop v. Hale,* 72 Me. 275. If a gift is completed, it cannot be revoked. *Minor v. Rogers, ex'r. supra.*

In *Sayre v. Weil, supra,* where a deposit was made to "D. Weil, trustee, for the Goldman children," and the depositor testified, "I put it there as a gift to them, every week, so when they grew up they would have something to fall back upon," and that he continued these deposits for four years, it was held that an irrevocable trust was created, and nothing remained in the trustee but a mere naked title.—*Johnson v. Amberson,* 140 Ala. 432, 37 South. 273. If, however, there remained anything to be done to perfect the gift, or if · the donor reserved an interest or exercised dominion over the liability of the bank to pay, then the title did not pass, and the nominal donee could obtain no relief in any court.—*Walker, Guardian, v. Crews,* 73 Ala. 412; *Kinnebrew v. Kinnebrew,* 35 Ala. 628, 638; *Ragsdale v. Norwood,* 38 Ala. 25, 79 Am. Dec. 79.

From the allegations of the bill it is apparent that W. J. Meadows did not intend that the taking of the certificate from the bank, "payable to himself, or in case of his death to Joe and Judge Meadows," should create an irrevocable trust for Joe and Judge Meadows; and that nothing should remain in him but a naked title. He reserved, on the face of the certificate, not only the use of the fund, but dominion over the liability of the bank to pay, and the allegation of the bill is he disposed of it to appellant. Thus he gave the

highest interpretation of his intent, at the time he loaned the money and accepted the certificate, that it should not be an executed gift to Joe and Judge Meadows during his life, but that he should own and control the certificate as long as he lived. The provision therein, "or in case of his death, to Joe and Judge Meadows," was but testamentary in character, or a mere promise, of the date of the certificate, to give the same in event of his death before maturity, if not otherwise disposed of.

(2)   Under the allegations of the bill, did the appellant acquire the legal title to the certificate by delivery without endorsement from W. J. Meadows, or was it only an equitable title?   A certificate of deposit, not payable to order or bearer, is a nonnegotiable promissory note.   Code 1907, § 4958; *Taylor v. Hutchinson,* 145 Ala. 202, 40 South. 108; *Renfro Bros. v. Bank,* 83 Ala. 425, 3 South. 776. Section 2489 of the Code provides that all suits upon promissory notes, bonds, or other contracts, express or implied, *for the payment* of money, except instruments governed by the commercial law, be prosecuted in the name of the party really interested, whether he has the legal title or not.   The certificate of deposit in question is a contract between W. J. Meadows and the Bank of Ashford "for the payment of money."   As to its transfer it is governed by the provisions of section 5158 of the Code, which is as follows:   "All bonds, contracts, or writings for the payment of money or other thing, or the performance of any act of duty, are assignable by indorsement so as to authorize an action thereon by each successive indorsee."

But the bill alleges that the certificate of deposit was transferred and delivered to appellant without indorsement or written assignment of W. J. Meadows

On its face the certificate provides that payment is conditioned on its "return," "properly indorsed." It is provided by section 5153 of the Code that: "On *all contracts* assigned by writing, which are not governed by the commercial law,*   *   * to charge the indorser or assignor, suit must be brought," etc.

Section 5156 of the Code requires: "All assignments or indorsements in writing of contracts which are not governed by the commercial law, whether regular or irregular, must be construed as within the meaning of the last three sections, unless the contrary clearly appears from such assignment or indorsement."

These statutes are comprehensive enough to include the certificate of deposit in question.—*Mobile v. McDonnel,* 83 Ala. 595, 4 South. 346; *First National Bank v. Nelson,* 105 Ala. 180, 16 South. 707; *Amer- National Bank v. Henderson,* 123 Ala. 612, 26 South. 498, 82 Am. St. Rep. 147; *Haas & Co., v. Citizens' Bank,* 144 Ala. 562, 39 South. 129, 1 L. R. A. (N. S.) 242, 113 Am. St. Rep. 61; *Bank v. Nelson, supra.* It is clear, then, that if a suit at law were brought against the Bank of Ashford by the appellant on the certificate, section 2489 of the Code, which provides that suits at law "must be prosecuted in the name of the party really interested, whether he has the legal title or not,'" would have application.

The bill filed in the chancery court is not primarily a suit by the appellant against the Bank of Ashford. It is for injunction against Joe and Judge Meadows to prevent the prosecution of the detinue suit brought by them in the circuit court against appellant for the certificate. Section 2489 of the Code does not apply to detinue, or to suits brought under the statute for the recovery of personal chattels in specie. A mere

equitable title will not be considered in detinue.—*Lucas v. Pittman,* 94 Ala. 616, 10 South. 603; *Jones v. Anderson,* 76 Ala. 427. The same rule prevails in the statutory action for the recovery of chattels in specie—very like the common-law action of detinue. The one controlling principle is that to maintain it the plaintiff must have, as against the defendant, a present unqualified right to the possession of the chattel in its present form.—*Seals v. Edmonson,* 73 Ala. 295, 49 Am. Rep. 51; *Ala. State Bank v. Barnes,* 82 Ala. 607, 620, 2 South. 349; *Bank of Eutaw v. Ala. State Bank,* 87 Ala. 163, 7 South. 91. To support the action, the plaintiff must have either a special or general property in the chattel and the right to immediate possession.—*Reese v. Harris,* 27 Ala. 301; *Cooper v. Watson, adm'r,* 73 Ala. 252, 254. If the plaintiff has not had actual possession, he must prove a legal title.—*Parsons v. Boyd,* 20 Ala. 112; *Russell v. Walker,* 73 Ala. 315; *Wilson v. Johnson,* 152 Ala. 614, 44 South. 539; *Graham v. Meyers,* 74 Ala. 432. In the detinue suit Joe and Judge Meadows could show the death of W. J. Meadows, and thus their legal title to the certificate on its face; the bill alleges facts showing equitable title in appellant that can be maintained only in a court of equity against the claim of Joe and Judge Meadows.

From the foregoing authorities, we are of opinion that the first, second, eighth, ninth, and tenth grounds of demurrer are not well taken.

(3) The appellant in the court below having a right of injunction against Joe and Judge Meadows suing at law for the possession of the certificate of deposit of the Bank of Ashford, a court of equity, taking jurisdiction, may give full and adequate relief against all parties to and interested in the certificate of deposit.

Sims' Chancery Prac. §§ 20-24; *Hunley v. Harrison,* 123 Ala. 292, 26 South. 294; *Stow v. Bozeman's Ex'rs,* 29 Ala. 397; *Marshall v. Marshall,* 86 Ala. 383, 5 South. 475; *Tygh v. Dolan,* 95 Ala. 269, 10 South. 837. In *Marshall v. Marshall, supra,* where a bill in equity was filed by the heirs and distributees for partition of lands, allotment of widow's dower, and account of advancement, it was declared that: "The court, in such case, acted on the familiar principle that, having acquired jurisdiction of the subject-matter on a special and original ground of equity, it will employ its powers to adjust the equities between the parties, growing out of their ownership and *relation to the property* and the connection of their interests with those of their cotenants, and with the general right or equity of the complainant."

There is no conflict with *Brown v. Feagin,* 147 Ala. 438, 57 South. 20, holding a bill multifarious that sought partition and also to quiet claims of third persons. The question was the right to quiet unassociated adverse claims and make partition between tenants in common, which would have the effect of practically abolishing the action of ejectment whenever there were joint claimants of property in the hostile possession of another. In the case at bar the possession of the certificate of deposit and its return to the Bank of Ashford, properly indorsed by the party entitled to the payment thereof, was a condition precedent to the payment of the money secured thereby by the bank. The bank was thus a necessary party to preserve the fruit of the litigation for its rightful owner.

It is unnecessary to notice other grounds of demurrer. In line with the authorities above noted and the reasons upon which they proceed, we hold there was

[Hicks v. Meadows, et al.]

error in sustaining the demurrer, and the decree of the chancery court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

### ON REHEARING.

THOMAS, J.—In response to the application for a rehearing, we call attention to the fact that this is not an action on the certificate of deposit for the payment of the money, such as by section 2489 of the Code it is provided the party really interested may maintain, whether he has the legal title or not. It is an injunction to restrain procedure in detinue for the recovery of the certificate of deposit. Section 2489 has no application to this suit.

(4-6) It has been decided that detinue may be maintained for specific moneys (*S. H. & S. Co. v. Lester*, 166 Ala. 96, 52 South. 328; *Spence v. McMillan*, 10 Ala. 583; *Stoker v. Yerby*, 11 Ala. 322; *Cummings v. Tindall, Ex'r*, 4 Stew. & Port. 357); or to recover notes and mortgages (*Comm. Bank v. Crenshaw*, 103 Ala. 497, 15 South. 741). Detinue is the remedy to recover a bank check (*Brown v. Livingston*, 216 C. Q. B. 438), and to recover deeds (*Lewis v. Hoover*, 1 J. J. Marsh. [Ky.] 500, 19 Am. Dec. 120; *Goodman v. Boycott*, 2 B. & S. 1; *Reeves v. Palmer*, 5 C. B. [N. S.] 84; *Chelton v. Carrington*, 15 C. B. 95. It lies for the recovery of a note or other evidence of debt (*Lewis v. Hoover*, 1 J. J. Marsh [Ky.] 500, 19 Am. Dec. 120); to recover an abstract of title (*Robb v. Cherry*, 98 Tenn. 72, 38 S. W. 412); or a legal paper (*Anderson v. Passmore*, 7 C. & P. 193); or a letter (*Oliver v. Oliver*, 11 C. B. [N. S.] 139, 8 Jur. [N. S.] 512).

[Hicks v. Meadows, et al.]

Possession of the certificate not indorsed, by one other than the payee or indorsee, affords prima facie evidence only that the holder is the equitable owner.— 3 R. C. L. 981, § 190; *Ryhiner v. Feickert,* 92 Ill. 305, 34 Am. Rep. 130; *Martin v. Martin,* 174 Ill. 371, 51 N. E. 691, 66 Am. St. Rep. 290; *O'Keeffe v. First Nat. Bank,* 49 Kan. 347, 30 Pac. 473, 33 Am. St. Rep. 370; *Woodward v. Brown,* 119 Cal. 283, 51 Pac. 2, 542, 63 Am. St. Rep. 108; *McGuffin v. Coyle,* 16 Okl. 648, 85 Pac. 954, 86 Pac. 962, 6 L. R. A. (N. S.) 524. An equitable interest in personalty is not sufficient to sustain detinue for the recovery thereof.—*Jones v. Anderson,* 76 Ala. 427; *Weitzler v. Kelly & Co.,* 83 Ala. 440, 3 South. 747; *Ala. State Bank v. Barnes,* 82 Ala. 607, 2 South. 349; *Gluck v. Cox,* 75 Ala. 310; *Jackson v. Rutherford,* 73 Ala. 155; *Bush v. Garner,* 73 Ala. 166; *Columbus Iron Works v. Renfro,* 71 Ala. 577; *Wilkinson v. Ketler,* 69 Ala. 435; *Grant v. Steiner,* 65 Ala. 499; *Rees v. Coats,* 65 Ala. 256; *Neville et al. v. Cheshire,* 163 Ala. 396, 50 South. 1005; *Boulden v. Estey Organ Co.,* 92 Ala. 183, 9 South. 283; *Markham et al. v. Wallace,* 147 Ala. 243, 41 South. 304.

Though the certificate was delivered by W. J. Meadow, to appellant, if in his lifetitme Meadows had sought to repossess the certificate by detinue, the equitable title of appellant could not have prevailed against the holder of the legal title. The statute requires indorsement to pass the legal title to the nonnegotiable certificate of deposit. That appellant had the possession of the certificate without indorsement would not authorize evidence showing at law his equitable right to retain it.

The facts of this case do not bring it within the rule that possession alone will entitle the holder to maintain his suit against a mere wrongdoer, not showing any

right of property himself—*Gafford v. Stearns,* 51 Ala. 434; *Miller v. Jones,* 26 Ala. 247; *Stoker v. Yerby,* 11 Ala. 322; *Dozier v. Joyce,* 8 Port. 303. The presumption of ownership from possession would be overcome by the fact that Judge and Joe Meadows are named as contingent payees in the certificate. Proof of the happening of the contingency—the death of W. J. Meadows —before the due date of the certificate would then authorize them, as the plaintiffs in detinue, to recover the certificate from any other person not showing a legal title to the same. To prevent this, resort was had to a court of equity, with its exclusive jurisdiction of trusts. It was therefore necessary for the appellant to resort to equity to maintain the status quo and establish his equitable right to the certificate.

The application for a rehearing must be overruled.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur. SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.