185 So. 363

**BOWIE v. PHENIX–GIRARD BANK et al.**

4 Div. 48.

Supreme Court of Alabama.

Dec. 22, 1938.

A. L. Patterson, of Phenix City, for appellant.

H. A. Ferrell, of Seale, and Roy L. Smith, of Phenix City, for appellees.

BOULDIN, Justice.

Emily Frances Barnett, on July 11, 1936, six weeks before her death, transferred her bank account and deposited her funds, $3,-077.32, in Phenix-Girard Bank on joint savings account of herself, under the name of Emily Frances Grant, her maiden name, and three of her grandchildren, George William Matthews, James Hamilton Matthews and Martha Sue Matthews, as their joint property, to pass in case of death to the survivor, and subject to withdrawal on the order of either or the survivor. At the same time she executed to the same granddaughter a deed to real estate, some 60 acres.

The original bill in this cause was filed by appellee Bank praying for a declaratory judgment ascertaining and adjudicating to whom the Bank, in the position of a stakeholder, could lawfully pay this deposit, less $100 withdrawn during the life of Mrs. Barnett.

The depositors on joint account, the executors of the estate of decedent, and the legatees and devisees of the estate under her will were made parties respondent.

Appellant, Lovie B. Bowie, one of the daughters of decedent, one of the legatees under the will, claiming also as a creditor of the estate filed her answer and cross-bill seeking, among other things, the setting aside and cancellation of the writings evidencing the joint deposit and the deed of conveyance upon the ground that decedent was at the time insane, incapable of transacting business, etc. No issue of undue influence, or other ground save mental incapacity, was presented.

We fully concur in the finding of the trial court that appellant failed to sustain this contention.

Mrs. Barnett was eighty-five years of age, had received a fracture of a lower limb a year before, was confined to her bed, or moved about in a wheeled chair thereafter. Evidence of suffering while in a cast, hysteria, irritability, temporary mental aberration, recurring again a day or two before her death, appears in the record. The evidence, however, discloses that at the time of the transaction, several months before, as well as some weeks thereafter, her mind was normal and clear; that she knew what she was doing and understood the nature of this business.

Accompanying her answer and cross-bill, appellant filed a statutory application to remove the administration of the estate into the equity court. The order of removal was made.

Among other things appellant made application to require the executors to give bond.

The will relieved the executors of giving bond, the filing of an inventory, or any report to the court.

The sworn petition shows petitioner's interest and that same is or will be endangered for want of security, presents a prima facie case under Subdivision 1 of Section 5763 of the Code. The executors, with special knowledge of the estate and the manner of performance of their trust, have the burden of showing no necessity for a bond. Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909.

In the present case, however, the litigation was directed to whether the money and the lands involved were the property of the estate passing under the will of 1933, or were the property of donees by subsequent gifts. The record is silent as to any other estate. The subjection of this property to appellant's legacy and her claim as a creditor was the apparent purpose.

Since the court found these properties were not the estate of the decedent, and no other estate being disclosed throughout the record, we will not impute to him error in denying the petition to require bond. However, lest injury be done, the decree on this point will be modified so as to be without prejudice to the rights of any party in interest to make an application to require bond.

The averment of failure to file an inventory as a dereliction to be considered on such application, adds nothing of merit. The testator may now relieve from this duty as in the case of a bond. Code, § 5803; Wright v. Menefee, 226 Ala. 55, 145 So. 315.

The answer and cross-bill, to use the designation of the pleader, set up that appellant was also a creditor of the estate, and prayed that the court take jurisdiction, hear and decree all rights of parties in the premises.

The sworn claim presented by filing a statement in the Probate Court was offered in evidence as part of the file transferred to the equity court. Testimony was taken on both sides, and noted in the submission. The court disallowed the claim.

It is now insisted by appellant that the court had no jurisdiction of this question, that it was not at issue, and the decree thereon should be reversed, or it should be held ineffective and the question left open to further litigation:

The record is quite informal. The cross-bill, so styled by the parties, did not name the parties respondent, nor call upon them to answer. Hence, there was no formal answer. But all the parties and the subject matter were before the court in administration proceedings to be conducted under equity rules.

Cross-complainant sought the adjudication of all her rights in the matters presented. We are of opinion she is not now in position to question the power of the court to decide the issue touching her claim as a creditor. We see no occasion to reverse the finding of fact on this question, nor to enter into a detailed discussion of same.

Decree modified as above indicated, and affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.