21 So.2d 331

**CLARK v. YOUNG et al.**

**8 Div. 299.**

Supreme Court of Alabama.

Nov. 24, 1944.

Rehearing Denied March 8, 1945.

Further Rehearing Denied March 29, 1945.

Ben L. Britnell, of Decatur, for appellant.

532

Norman W. Harris, of Decatur, for appellee State Nat. Bank.

F. W. Davies and Spain, Davies, Gillon, Grooms & Young, all of Birmingham, for appellee Young.

BROWN, Justice.

Bill in the nature of bill of interpleader filed by appellant Clark as the administrator of the estate of Cora E. Hunter, against Annie Lou Young and the State National Bank, a corporation, seeking to settle the adverse claims of the complainant and Annie Lou Young to a certificate of deposit issued by said Bank, representing an indebtedness of $7,650 including interest. Said certificate of deposit is in the following words and figures:

"Certificate of Deposit

"State National Bank

"Due June 23, 1943          No. 2106

"Falkville, Ala., June 23, 1942

This Certifies that

Mrs. Cora E. Hunter has deposited in this Bank $7,500.00 Seven Thousand Five Hundred and no/100 Dollars Payable to Mrs. Cora E. Hunter or Mrs. Annie Lou Young or Survivor 12 months after date, on the return of this Certificate properly endorsed, with interest at the rate of 2 per cent, per annum, interest then to cease.

*Not Subject to Check*

The Banking Act of 1933 provides that this Certificate may not be cashed before maturity and that no interest be paid after maturity.

"V. O. Clark

Manager

"Not Subject to Check'

"Not Subject to Check"

The appellant claimed the certificate of deposit, which came into his possession as administrator of the estate of Cora E. Hunter, deceased, on her death, as the personal representative of said Hunter. Mrs. Young claimed the certificate,—as a gift inter vivos; as a gift causa mortis, or as joint deposit—constituting a contract, vesting in her the right of survivorship.

The circuit court denied her claim on all of said theories, except the last, holding that her right of survivorship was created by contract.

From that decree the administrator has appealed. Rule 36, Equity Practice, succeeding § 10390 of the Code of 1923, authorized the course of procedure taken by the parties. Code 1940, Title 7, Appendix, page 1081.

The statute, Code 1940, Title 5, § 122, provides: "No certificate of deposit, issued by a banking corporation or trust company for any special deposit for which interest is to be paid, must be reissued but, on the return thereof, must be cancelled."

In the light of this statute, each such deposit rightfully made stands on its own footing, unhampered by previous dealings between the parties in respect to the money rightfully deposited. There is no question that the money deposited belonged to Mrs. Hunter, or that she had the right to deposit the same, as she did.

The legal effect of the transaction evidenced by certificate No. 2106, of date June 23, 1942, was a loan of money by Mrs. Hunter to the bank, vesting the title to the money—the $7,500—in the bank, creating the relation of debtor and creditor, and the certificate which partakes of the nature of a promissory note is a chose in action, evidencing the right of its owner, at the due date thereof, upon proper indorsement and surrender to call the loan. 7 Am.Jur. 316, § 445; Blakey v. Brinson, 286 U.S. 254, 52 S.Ct. 516, 76 L.Ed. 1089, 82 A.L.R. 1288; Mierke v. Jefferson County Sav. Bank, 208 N.Y. 347, 101 N.E. 889, 46 L.R.A.,N.S., 194, Ann.Cas.1914D, 21; Renfro Bros. v. Merchants & Mechanics' Bank, 83 Ala. 425, 3 So. 776.

We concur in the conclusion of fact stated in the decree of the circuit court (which the reporter will reproduce in the report of the case). At no time prior to the death of Mrs. Hunter, or since, has the claimant Mrs. Young acquired any vested interest in or right to possession of said chose in action. As to it Mrs. Hunter died intestate and the legal title passed to and vested in her personal representative. In this controversy between the administrator, the adverse claimant and the depository bank, the administrator represents the interest of the estate, including that of distributees, who may be proper parties, but are not necessary parties to the proceeding. Sovereign Camp, W. O. W., v. Snider, 227 Ala. 126, 148 So. 831; Burt et al. v. Brandon, 230 Ala. 85, 159 So. 691.

Under the facts stated in the decree, Clark, the custodian of the key to Mrs. Hunter's box, was Mrs. Hunter's agent, and there was no evidence showing delivery of the certificate in Mrs. Hunter's lifetime to Mrs. Young. Mrs. Young had no connection with the transaction evidenced by certificate of deposit No. 2106 and knew nothing about it. On principles stated in Smith v. Eshelman, 235 Ala. 588, 180 So. 313, Mrs. Young did not acquire the title to the chose by gift.

To support a claim under the contract theory there must have been a joint ownership and, in the absence of such vested interest during the life of the depositor, the right of survivorship does not exist. First Nat. Bank of Birmingham v. Lawrence, 212 Ala. 45, 101 So. 663.

Cases cited by appellee wherein a joint account was maintained on which both parties had the right to check, or a joint savings account to which both parties contributed showing a vested interest in both parties, are inapt as authorities to sustain the decree. Cases in that class cited and relied on by appellee are Deal's Adm'r v. Merchants & Mechanics' Sav. Bank of City of Norfolk, 120 Va. 297, 91 S.E. 135, L.R.A.1917C, 548; Kelly v. Beers, 194 N.Y. 49, 86 N.E. 980, 128 Am.St.Rep. 543; Malone v. Sullivan et al., 136 Kan. 193, 14 P.2d 647, 85 A.L.R. 275. In the last cited case, on which appellee most strongly relies, the account was opened in the name of both women, Amy Malone and Annie Williams, and Williams the survivor *had the right to check on the joint account during the life of Malone.* Moreover, the Revised Statute of Kansas provided (Rev.St.1923, 9—173): "When a deposit has been made, or shall hereafter be made, in any bank or trust company transacting business in the state, in the names of two persons, payable to either, or payable to either or the survivor, such deposits or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be valid and sufficient to release and discharge the bank for any payment so made." 85 A.L.R. 277, 278.

The decree of the circuit court in so far as it awards the certificate of deposit No. 2106, of date June 23, 1942, described in the bill to Annie Lou Young, is reversed and annulled, and one will be here rendered ordering, adjudging and decreeing that said certificate of deposit is the property of the estate of Cora E. Hunter, the legal title to which is in the appellant, V. O. Clark, as the administrator of her estate, for the purposes of administration.

The decree of the circuit court in so far as it allowed and fixed a solicitor's fee of $500 to be paid the solicitor of the State National Bank is not questioned, and in that respect the decree is affirmed, and the Bank is authorized to deduct that sum for the use of its solicitor, Harris, and pay the balance thereof to the administrator upon the presentation of the certificate of deposit duly endorsed by him as administrator, and such payment shall be in full of its liability.

The costs of the appeal and of the case will be taxed against Annie Lou Young, with issue of execution for their collection.

Reversed and rendered in part, and in part affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

We challenge, as unwarranted, extravagant and untrue in law or fact, the statement in appellees' application for rehearing that, "The court in its opinion in this case has stricken down a valid contract in the form of a certificate of deposit and has in effect declared it invalid," and assert to the contrary, that the opinion upholds the integrity of said certificate of deposit, and declares its true legal effect.

On the other hand, we assert that the appellees in said application for rehearing ignore the statute, Code 1940, Tit. 5, § 122, which, for the protection of the parties, whether dead or alive, gives to such certificate of deposit the character of a courier without luggage, representing the title and right which it evidences, protecting the depository and the depositor against doubtful and uncertain claims founded on dubious facts resting in parol. Such contract is within the rule that its obligations cannot be altered or varied by parol testimony. 7 Am.Juris. p. 353, § 493; Renfro Bros. v. Merchants & Mechanics' Bank, 83 Ala. 425, 3 So. 776; Montgomery, Supt. of Banks, et al. v. Smith, 226 Ala. 91, 145 So. 822; Patton v. Beecher, 62 Ala. 579, 585.

"A bank is not bound to pay deposits evidenced by a certificate of deposit, except on production and surrender of the certificate properly indorsed, and acts at its peril in doing so, * * *." 9 C.J.S., Banks and Banking, § 316, p. 643, "c—Conditions Precedent"; Hicks v. Meadows, 193 Ala. 246, 69 So. 432; LeZotte v. Bank of Del Norte, 86 Colo. 136, 278 P. 606; Chandler v. Smith, 147 Ga. 637, 95 S.E. 223; Baxley Banking Co. v. Gaskins, 145 Ga. 508, 89 S.E. 516; Cohn-Goodman Company v. People's Sav. Bank of Grand Haven, 203 Mich. 307, 168 N.W. 1042; 7 C.J. p. 650, note 62.

The appellees ignore the stipulation in the contract that it is "Payable to Mrs. Cora E. Hunter *or* [not and] Mrs. Annie Lou Young *or* survivor twelve months after date *on the return of this certificate properly endorsed,"* which clearly evidences

the fact that this certificate represents the right and title to the chose in *action, and its delivery* to other than the original holder with the intention to vest such title is essential to pass the title, and give the holder a right to present, endorse and collect the debt which it evidences. [Brackets and italics supplied.]

The appellees in the application for rehearing strenuously insist that this court by construction and the consideration of illegal, immaterial and incompetent evidence, engraft on to said contract something that does not appear in the contract itself. It clearly appears from the opinion of the trial judge that the only evidence that was considered, and correctly so, was the certificate of deposit issued on June 23, 1942, and the evidence of Clark as to the custody of said certificate. We quote from the opinion of the Court: "The money deposited in said bank in consideration of which said certificate of deposit was issued was the sole property of Cora E. Hunter, and the defendant Annie Lou Young owned no part of same. Said certificate of deposit was retained by V. O. Clark in his capacity as agent for Cora E. Hunter, and the said V. O. Clark held said certificate of deposit in his capacity as agent for Mrs. Hunter, and not as agent of Mrs. Young. In making said deposit it was the intention of Cora E. Hunter that Annie Lou Young should at the death of Cora E. Hunter become the owner of the indebtedness and of the sum of money evidenced and represented by said certificate of deposit, but it was also the intention of the said Cora E. Hunter to reserve possession and full control and dominion over the certificate of deposit and over the money in consideration of which it was issued during her life time, and it was her intention that Mrs. Young should have no interest or right to the same until the death of Cora E. Hunter. * * ."

This interpretation of the writing demonstrates that there was not a perfected gift inter vivos, and that the provisions in the certificate of deposit as to Mrs. Young were testamentary in character, and ineffectual to pass the title at Mrs. Hunter's death, for failure to observe the requisites for executing a last will and testament. Hicks v. Meadows et al., 193 Ala. 246, 69 So. 432, is a case in point. "In cases involving such deposits, questions frequently arise concerning the right of the one other than the original owner to the fund upon the death of the original owner. Apart from the contract theory, which is comparatively rare, this leaves the title of the survivor to rest upon a gift, trust, or bequest. The bequest drops out of consideration, because it is not claimed that the transfer is in the requisite form to constitute a valid bequest, i. e., there is no compliance with the statute of wills. There thus remain two theories, upon one or the other of which the right of the survivor to the fund must be based, i. e., gift or trust. Unless the survivor can show title in one of these ways, his claim must fail." 7 Amer.Juris. p. 301, § 426.

Bowie v. Phenix-Girard Bank et al., 237 Ala. 44, 185 So. 363, 364, is cited, and the statement made that the case at bar cannot be differentiated from the holding of this court in that case. It is only necessary to quote from the opinion of Justice Bouldin in the cited case to differentiate it from this case: "Emily Frances Barnett, on July 11, 1936, six weeks before her death, transferred her bank account and deposited her funds * * * in Phenix-Girard Bank *on joint savings account of herself, under the name of Emily Frances Grant, her maiden name, and three of her grandchildren, George William Matthews, James Hamilton Matthews and Martha Sue Matthews, as their joint property,* to pass in case of death to the survivor, and *subject to withdrawal on the order of either or the survivor. * * *"* [Italics supplied.] These facts clearly show a joint deposit in which all the parties named had a present interest. In the case at bar, the deposit was made by Mrs. Hunter, in her name, with stipulation at maturity to be paid to herself or Mrs. Young, or the survivor. Mrs. Young had no present interest in this deposit, but a mere contingency, as in Hicks v. Meadows, supra.

The fault in appellees' argument is that it deals with the deposit in the instant case as a joint deposit by Hunter and Young, when, as we have pointed out repeatedly, this is not a joint deposit, and cases dealing with such deposits are not apt authority here, nor are the cases dealing with special deposits, where the thing deposited is to be kept intact to be returned to the depositor.

The bank, in the instant case, had no interest whatever in the certificate of deposit. It was the property of Mrs. Hunter and evidenced the obligation of the bank to pay. Neither did Clark, the cashier of the bank, have any interest in said certificate. He was the mere custodian of

Mrs. Hunter. Hence, Smith v. Eshelman et al., 235 Ala. 588, 180 So. 313, is not in point. There the promissory note was delivered to the doctor, who performed the operation on the decedent, by the decedent, before his death, with express authority to the doctor to collect the note and pay himself, and to pay over to certain named persons the remainder. It was held that the agency was coupled with an interest, in effect a parol trust, and was not terminated by the death of the principal.

We have examined the other cases cited by appellee and do not find them applicable or helpful here. In re Edwards' Estate, 140 Or. 431, 14 P.2d 274, was a joint account or joint deposit, which was regulated by statute. In Farmers & Merchants Nat. Bank v. Lee, Okl.Sup., 132 P.2d 931, the proceeding was to enforce an agreement by a mother to assume payment of her son's debt to a bank, in consideration of the bank's promise to forego foreclosure of a chattel mortgage securing the son's note, and retain the mortgaged property, and pay the note out of her estate at her death. The court held that such agreement was not void for uncertainty, as to the time of payment, nor was it a transaction testamentary in character and rendered unenforceable because payment was postponed until after her death.

In Ladner et al. v. Ladner et al., 128 Miss. 75, 90 So. 593, which appellees insist cannot be differentiated from the case at bar, Alfred Ladner consulted the vice president and cashier of the bank, who testified that Ladner stated to him: " 'That he wanted to place this money in the name of five of his children, but that he was to draw the interest while he lived; that he needed that to help him live. So I told him I could fix him up, and he took these certificates and gave me the names of the boys and girls, and I issued certificates in their names, each for $2,000, payable in six months, and he had them renewed every six months. You see the interest was due at the end of every six months, and if he should die the money was to go to his children. Mr. Ladner told me he had provided for his wife by buying a piece of property at Pas Christian; the house had burned on this property, but he rebuilt it so she could have an income; but the money he put in the bank he wanted his children to have that.' " 128 Miss. 77, 90 So. 594.

By this agreement the court held that a parol trust was created, but the difference between that case and the case at bar is,

the children each had a present vested interest, and the bank held the same in trust for Ladner, and his children, interest to go to Ladner, and the principal to the children at his death.

In Sturgis v. Citizens' Nat. Bank of Pocomoke City et al., 152 Md. 654, 137 A. 378, the deposit was a joint deposit, subject to the check of either of the parties. In Foschia v. Foschia et al., 148 Md. 69, 148 A. 121, the pass book recited that the deposit was in the name of a certain person in trust for self and another, joint owners, subject to the order of either. In Copeland, Ex'r et al. v. Summers et al., 138 Ind. 219, 35 N.E. 514, 37 N.E. 971, the trust created was complete, and nothing was required of the beneficiaries, except to claim the fund.

In the instant case, as we have pointed out, the certificate was the sole property of Hunter up to the moment of her death, and on its face required that it be endorsed and surrendered by the claimant. Possession and the right to endorse were prerequisites to establish a claim to collect the certificate of deposit. The essential elements of a trust were absent. Birmingham Trust & Savings Co. v. Marx, 230 Ala. 68, 159 So. 483.

Nor is the claim of Young sustainable on the theory that the certificate of deposit constituted a contract made between Hunter and the bank for her benefit. She was not a party or privy to the contract. She had no knowledge of it and she had at most a contingency, depending upon obtaining the possession of the certificate of deposit, and the right to present and surrender the same. Wolosoff v. Gadsden Land & Building Corporation, 245 Ala. 628, 18 So.2d 568, 570; Shine v. Nash Abstract & Investment Co., 217 Ala. 498, 117 So. 47.

It is well settled that the right of a third person for whose benefit a promise is made is affected with all the infirmities of the agreement as between the parties thereto and the authorities are uniform that a mere naked promise from one to another for the benefit of a third will not sustain an action. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 97, 55 A.L.R. 1231. Mrs. Young at most had a mere contingency, depending upon the delivery to her of the certificate of deposit by Mrs. Hunter or by her authority during Hunter's lifetime, and this contingency, in the absence of such delivery, was destroyed by Mrs. Hunter's death.

Mrs. Hunter departed this life before the passage of the Act of 1943, appearing on page 128 of the General Acts of the Legislature of 1943, Code 1940, Tit. 5, § 128(2), and that act has no application here. Moreover, the act deals with joint deposits and depositors, and not with deposits made by an individual. Said act merely recognizes or establishes joint tenancy, with the right of survivorship, in joint bank deposits. First National Bank of Birmingham v. Lawrence, 212 Ala. 45, 101 So. 663.

Our conclusion is that the application for rehearing is without merit and is due to be overruled. It is so ordered.

Application for rehearing overruled.

All the Justices concur, except GARDNER, C. J., who dissents.

FOSTER, LIVINGSTON, STAKELY and SIMPSON, Justices (concurring specially).

We base our concurrence in the conclusion reached in the opinion of BROWN, J., upon the basis of the finding that the certificate was never delivered to Mrs. Young but was retained in possession of Mrs. Hunter's agent, she reserving and retaining exclusive control thereof and the indebtedness it represented, and had no intention to create a present interest in the instrument for Mrs. Young. We regard that as the controlling incident to determine the rights of Mrs. Young. The great majority of cases are in accord with this view. 103 A.L.R. 1124; 48 A.L.R. 205-206; 7 Amer.Jur. 304, § 431. The terms of the certificate of deposit alone are not always controlling. But it may be interpreted in respect to whether a present interest was intended by all the circumstances attending it. Hill v. Hill et al., 216 Ala. 435, 113 So. 306. We regard this as the ruling distinction between the instant case and those supporting the claims of such a donee co-payee on the contract or trust theory. Those cases either relate to a situation where the circumstances did not manifest such an intent, as in Re Estate of Staver, 218 Wis. 114, 260 N.W. 655, or where the intention was not given important consideration.

In the case of Hicks v. Meadows, 193 Ala. 246, 69 So. 432, the instrument did not purport to give the co-payee a present interest, but only one effective at the death of the depositor. It was without consideration as to the co-payee, was testamentary in nature and not a gift causa mortis or inter vivos because there was no delivery. There must be a present interest intended to be conferred if there was no such consideration, or it must be done by a will. A delivery is one way to manifest an intent to create a present interest. While an absence of delivery alone sometimes manifests an intent not to do so, it may be so inferred from all the attending circumstances, notwithstanding an absence of such delivery. We are not here dealing with the legal title to a negotiable instrument, and right to sue on it at law, but with rights to be determined on equitable principles.

GARDNER, Chief Justice (dissenting).

Upon reconsideration I find myself unable to agree. That the result is deplorable, all must concede. The record discloses that from the time of the collection of this money in 1938 by Mrs. Hunter (the proceeds of a policy of insurance on the life of her deceased husband), Mrs. Hunter has endeavored to make suitable arrangements to the end that Mrs. Young, her niece whom she had raised and of whom her husband was very fond, should become the owner of this fund.

Different characters of deposits were made in the bank looking to this end. But this certificate now in question was issued in its present form on the advice of Mr. Cottingham, president of the State National Bank at Decatur. Mrs. Hunter sought his advice in regard to arranging for Mrs. Young to acquire this money at her death, in the meantime the interest on the certificate to go to Mrs. Hunter. Mr. Cottingham, advising her how this could be done, told her "to have the certificate of deposit made payable to Mrs. Hunter or Mrs. Young or the survivor."

As I understand the record, this certificate was prepared by Mr. Clark, cashier of the bank, in the form advised by Mr. Cottingham, and as set out in the majority opinion. This certificate discloses that the $7,500 was deposited by Mrs. Hunter, but was made payable to "Mrs. Cora E. Hunter or Mrs. Annie Lou Young or survivor 12 months after date." It expressly discloses that it was not subject to check, and required the return of the certificate properly endorsed. It bears interest at the rate of 2% per annum, the interest to cease at maturity. It is signed by Mr. Clark, manager. It is clear enough, therefore, that

Mrs. Hunter, Mr. Clark, the manager, and Cottingham, the president of the bank, all understood and confidently believed that, should Mrs. Hunter die before Mrs. Young, the certificate would be payable to the latter just as the contract of deposit provided. Mrs. Hunter died before the due date of this certificate; and during this period the money was beyond the control of either Mrs. Hunter or Mrs. Young, as under the express terms of the contract it was not then subject to check. It would seem, therefore, quite clear the result is unfortunate and to be deplored.

I am well aware of the oft-repeated statement that "hardships make shipwreck of the law," and I would be the last to favor the overturning of a well-settled principle merely in order to meet a hard case. But when such hardships do appear, it should suffice to make us pause and carefully consider whether or not in fact any sound principle of law would be disturbed by a contrary ruling.

As I stand alone in this disagreement, it would serve no useful purpose to enter into anything like a discussion of the principle upon which I think Mrs. Young is entitled to this money. That principle is referred to, by way of brevity, as the "contract theory." This contract theory has been treated in numerous cases which will be found cited in 149 A.L.R: 897, 898; 135 A.L.R. 1021 et seq.; 103 A.L.R. 1140 et seq.; 7 Am.Jur. p. 308; 9 C.J.S., Banks and Banking, § 286, p. 595, 596 and note 4. Perhaps the reasoning as found in Re Estate of Staver, 218 Wis. 114, 260 N.W. 655, is more persuasive than that of other courts, but the opinion cites a number of decisions from Massachusetts, Ohio, California, and Michigan, supporting the view that in a deposit as here involved the survivor takes by virtue of the contract of deposit. And some of the courts rest a right of recovery upon the theory of a trust as discussed in the Mississippi case of Ladner v. Ladner, 128 Miss. 75, 90 So. 593. Though the discussion of this theory in the Ladner case is very forceful, yet I prefer the contract theory as presenting the stronger view.

I am persuaded the majority opinion gives too little importance to the fact that this deposit contract showed upon its face that the money is payable to Mrs. Hunter or to Mrs. Young, or the survivor. Had Mrs. Young died before Mrs. Hunter, clearly enough Mrs. Hunter could have endorsed the certificate, delivered it to the bank and demanded the money. I am unable to see why the same result would not follow in favor of Mrs. Young upon the death of Mrs. Hunter. That was the contract, a perfectly valid one, entered into by Mrs. Hunter with the bank, and upon advice and cooperation of the president and the cashier. From Mrs. Hunter's standpoint, it was clearly a contract made for the benefit of Mrs. Young. Our authorities are uniform to the effect that one for whose benefit a contract is made may, though not a party thereto, nor furnishing any of the consideration therefor, maintain action thereon against the promisor. A number of our cases to this effect will be found cited in Employers Ins. Co. v. Rhodes, 240 Ala. 226, 198 So. 616. And this is in accord with the weight of authority elsewhere, as disclosed by the note found in 81 A.L.R. p. 1279 et seq. See also cases in 131 A.L.R. p. 967 et seq.

The opinion cites First National Bank v. Lawrence, 212 Ala. 45, 101 So. 663, as holding to the effect that, to support a claim under the contract theory, there must be a joint ownership, and that in the absence of such vested interest during the life of the depositor, the right of survivorship does not exist. I cannot read that case to this effect. It was a plain case of joint deposit, specifically providing for the payment of the funds to either the husband or the wife under any circumstances, and the holding was that the bank was perfectly justified and protected by the payment of the remainder of the funds to the surviving wife. That case did not involve, and made no pretense of treating in any manner, the theory of a contract made for the benefit of a third person, upon which I think the decision here may well be rested.

As to that feature of the contract which looks to a surrender of the certificate, no difficulty here appears. This certificate was left by Mrs. Hunter in her box, and placed by the cashier in the vault of the bank with the only key to the box left in possession of the cashier. This provided ready access to the certificate, which, according to the contract, the cashier could produce for Mrs. Young that she might properly endorse the same and receive the money. Thus the statute referred to in the majority opinion would be fully met, and, indeed, the contract upon its face so provided, and the bank amply protected.

We find nothing in Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So.

'94, 55 A.L.R. 1231, cited in the opinion, which at all militates against this conclusion. Indeed, the first headnote in the Meyerson case is to the effect that, where two parties enter into a contract for the direct benefit of a third person, the law operates to create privity necessary to a binding obligation between the promisor and the third party.

Some stress appears to be laid upon the case of Hicks v. Meadows, 193 Ala. 246, 69 So. 432. I cannot see the application of this authority to the instant case. The deposit contract was to my mind entirely different from that here involved, and the certificate had fallen into the hands of a third party, who sought injunctive relief against a detinue suit for its recovery by Judge and Joe Meadows, who, as stated in the opinion, were the contingent payees in the certificate. But even in that case, the opinion states that the proof of the happening of the contingency—that is, the death before the due date of the certificate of W. J. Meadows, who deposited the money and to whom the certificate was payable—authorized them as plaintiffs in detinue to recover the certificate from any other person not showing a legal title to the same. The Court held, therefore, that Hicks, the third party into whose hands the certificate had come, was entitled to injunctive relief in order to prevent Judge and Joe Meadows from recovering the certificate in the detinue suit. Certainly, if Judge and Joe Meadows had such a right or title to the certificate under the contract of deposit there made, this would seem to present a strong argument that Mrs. Young had a far more perfect right under the contract here involved, which stipulated that she was as much a payee as Mrs. Hunter.

The majority opinion indicates that an endorsement of the certificate in the lifetime of Mrs. Hunter was necessary under the statute in order to protect the bank. But it appears to me this overlooks the fact that the bank had entered into a binding contract to pay this money to Mrs. Young in the event of Mrs. Hunter's death, the bank having full control of the certificate for the very purpose of its delivery and endorsement by the survivor, all in accordance with the statute, the contract, and settled principles of law.

I am persuaded, therefore, that Mrs. Young is entitled to this money upon the theory of a valid contract between the bank and Mrs. Hunter made for Mrs. Young's benefit. This is the theory upon which the trial judge acted, and in my opinion his opinion should be here affirmed.

I forego further discussion, but for the reasons indicated, respectfully dissent.