150 So.2d 216

**Ex parte Mrs. Leila Suttle GRIFFIN et al.**

**6 Div. 791.**

Supreme Court of Alabama.

Feb. 7, 1963.

Jas. L. Shores, Jr., Birmingham, for petitioners.

Jas. W. Aird, Anniston, for respondent.

GOODWYN, Justice.

This is an original petition for mandamus seeking to set aside and vacate an order of Judge W. A. Jenkins, of the Jefferson Coun-

ty Circuit Court, in equity, denying petitioners' application to require the co-executors of the estate of James F. Vance, deceased (James W. Aird and Birmingham Trust National Bank), to give bond and file an inventory.

Administration of the estate was removed from the probate court to the circuit court, in equity, and is now pending in said court.

Petitioners are heirs and next of kin of the testator, being his grandnieces and grandnephews, and claim as beneficiaries under the residuary clause of the will.

It is contended by petitioners that under the provisions of Code 1940, Tit. 61, §§ 97, 190, they have the specific legal right to require the co-executors to furnish bond and to file an inventory upon proper demand, which they say was made in this instance. These sections provide as follows:

"§ 97. Testator may exempt executor from giving bond; when no bond required; exceptions.—Any testator may, by express provision in his will to that effect, exempt an executor from giving bond; and when such provision is made, such bond must not be required except in the following cases:

"1. When any executor, heir, legatee, or other person interested in the estate, makes affidavit, showing his interest, and alleging that such interest is, or will be, endangered for want of security.

"2. When, in the opinion of the judge of probate, the estate is likely to be wasted, to the prejudice of any person interested therein."

"§ 190. Testator may exempt executor from filing inventory or making report or final settlement.—Any testator may, by express provision in his will to that effect, exempt an executor from filing an inventory or making any report or final settlement, and when such provision is made, such inventory, report, or final settlement shall not be required except in the following cases:

"When any executor, heir, legatee, or other person interested in the estate makes affidavit showing his interest, and alleging that such interest is or will be endangered for want of security.

"When, in the opinion of the judge of the court having jurisdiction of the estate, the estate is likely to be wasted, to the prejudice of any person interested therein."

There appears to be no question that petitioners are heirs of the testator and made the required affidavit showing their interest in the estate.

It is argued by petitioners that, by their application, they made out a prima facie case, thus shifting the burden to the co-executors to show why there was no basis for requiring the giving of a bond and the filing of an inventory; and that there has been no such showing.

Judge Jenkins waived issuance of a rule nisi and accepted service of the petition for mandamus. He states in his answer that, after a full hearing on the demurrer to the bill of complaint filed in the cause on behalf of the estate of the testator's widow seeking to dissent from the will, he determined that the demurrer to the aspect of the bill seeking a declaration of dissent should be sustained because the bill showed that no dissent was filed within the six months' time prescribed by § 19, Tit. 61, Code 1940. Judge Jenkins' answer further states:

"That following the filing of the Bill of Complaint in Case No. 102–576 on October 27, 1960 by Robert S. Vance as Administrator ad Litem of the Estate of Mary M. Vance, deceased, against James W. Aird and Birmingham Trust National Bank, as Co-Executors of the Estate of James F. Vance, deceased, et al., which said Bill of Complaint was filed in the same proceedings and under the same number as the case docketed as In The Matter Of The Estate of James F. Vance, deceased, on the docket of the Circuit Court for the

Tenth Judicial Circuit of Alabama, in Equity, demurrers to said Bill of Complaint on behalf of the several respondents were duly heard and considered by the court. After full hearing on such demurrers, including oral arguments and written briefs of the parties, and after full consideration, I determined to sustain the demurrers of the several respondents to that aspect of said Bill of Complaint which sought to have the court declare the right of Robert S. Vance as Administrator ad Litem of the Estate of Mary M. Vance, deceased, to dissent from the will of James F. Vance, deceased.

"At a conference held in my chambers on September 12, 1961, I advised Mr. Robert S. Vance, Attorney, who is the Administrator ad Litem of the Estate of Mary M. Vance, deceased, that I had determined that the aspect of the Bill of Complaint which sought a declaration of dissent of the Estate of Mary M. Vance from the will of James F. Vance, deceased, should be sustained. In this conference, I advised Mr. Robert S. Vance that my decision to sustain the demurrers to that aspect of the bill was based on the fact that the Bill of Complaint showed that more than six months had elapsed since the date of the granting of Letters Testamentary upon the Estate of James F. Vance, the will of James F. Vance, deceased, having been duly admitted to probate on the 16th day of January, 1959, no dissent having been filed within the time provided by Section 19 of Title 61, Code of Alabama, 1940.

"In this conference, Mr. Robert S. Vance stated that he wished to make amendments to the Original Bill of Complaint, and asked that I withhold my ruling on demurrer pending an opportunity to amend. I also stated to Mr. Vance that Section 19 of Title 61 would be an absolute bar to further amendments to the Bill of Complaint seeking a declaration by the court of the right of Mr. Robert S. Vance, as Administrator ad Litem of the Estate of Mary M. Vance, deceased, to dissent from the Will.

"Such dissent must be made in writing and deposited within six months from the probate of the will with the judge of probate of the county in which the will is probated, and an entry must be made of record specifying the day on which the dissent was made. Where the title of the widow to the property bequeathed under the will is involved in litigation which is pending so that she cannot properly elect as to whether her interests require her to claim under or dissent from the will, she shall have fifteen months from the probate of the will within which to make her election. Tit. 61, Sec. [19] 91, Code of Alabama 1940

"As of this date, no amendments have been filed by Robert S. Vance, as Administrator of the Estate of Mary M. Vance, deceased, to such Bill of Complaint.

"Until it is established by decision of this court, or by the Supreme Court of Alabama, that the Estate of Mary M. Vance is entitled to dissent from the will of James F. Vance, deceased, the creditors of the Estate of James F. Vance, deceased, are in no jeopardy for that it affirmatively appears from the accountings filed herein by the Executors of the Estate of James F. Vance, deceased, that there are ample funds in the hands of the Executors to pay all claims against the estate, as well as to make final distribution under the provisions of the will of James F. Vance, to those legatees or heirs who are entitled to receive any bequest or lapsed bequest.

: "The parties represented by Mr. James L. Shores, Jr., in this Petition for Mandamus are Mrs. Leila Suttle Griffin, Carlisle Suttle, Joe Suttle, Rob-

ert Suttle and James L. Shores, Jr., Administrator ad Litem of the Estate of W. Newton Suttle, deceased, who have a *contingent residuary interest* in the Estate of James F. Vance, deceased. This contingent residuary interest depends upon a construction of the will of James F. Vance, deceased, which is sought in the original petition filed by Birmingham Trust National Bank and James W. Aird, as Executors of the Estate of James F. Vance, deceased, for a construction of the will of James F. Vance, deceased, now pending and undetermined in these proceedings, said cause being docketed on the Equity Docket of the Circuit Court for the Tenth Judicial Circuit of Alabama in the identical case as the case styled Robert S. Vance, as Administrator ad Litem of the Estate of Mary M. Vance, deceased, Complainant vs. James W. Aird and Birmingham Trust National Bank, a National Banking Corporation, as Co-Executors of the Estate of James F. Vance, et al., Respondents, being Number 120–576 on the docket of said court.

"Should it be determined that the petitioners herein, all of whom are represented by James L. Shores, Jr., Attorney, have an interest in the Estate of James F. Vance, deceased, under a decree of court interpreting such will in their favor, then it affirmatively appears by the accountings filed herein by the Executors of the Estate of James F. Vance, deceased, that there are ample funds with which to pay all claims of the contingent beneficiaries, as well as creditor claims, attorneys' fees, court costs, and to pay to the residuary beneficiaries such amounts as would be properly distributable under a decree of court construing the will of James F. Vance in favor of Petitioners.

"Under these facts, I concluded that none of the claims of any of the creditors or beneficiaries of the Estate of James F. Vance, deceased, were in any

jeopardy in these proceedings and I, therefore, entered the order set forth in Paragraph 8 of the Original Petition for Mandamus filed in this Honorable Court, in which said order I overruled the Petition Requiring the Executors of the Estate of James F. Vance, deceased, to give bond and file inventory.

"IX. By petition filed by Birmingham Trust National Bank, a National Banking Corporation, under date of October 20, 1961, an exemption was sought under the provisions of Sections 191 and 195 of Title 5 of the Code of Alabama, 1940, by said Birmingham Trust National Bank from giving bond on these proceedings. I made the following order thereon:

"'Petition of Birmingham Trust National Bank for an order of court to be exempted from giving bond in these proceedings being this day presented, and the Court having read and understood said petition, is of the opinion that said petition should be granted, it is, therefore, by the court,

"'CONSIDERED, ORDERED, ADJUDGED AND DECREED:

"'1. Birmingham Trust National Bank, a National Banking Corporation, is hereby exempted from giving bond or furnishing further security in connection with its acts as Executor of the Estate of James F. Vance, deceased.

"'DONE AND ORDERED this the 20th day of October, 1961.

"(Signed) W. A. Jenkins, Jr.
Circuit Judge in Equity Sitting' "

The question for decision is whether the writ should issue directing that the order denying petitioners' application for bond and inventory be set aside and vacated.

From what is before us, it is not at all clear whether the provisions of § 98, Tit.

61, Code 1940, were followed. This section provides as follows:

"§ 98. Proceedings when bond required of executor.—In the cases provided for by the preceding section, upon application for the executor to give bond, he may show cause against such application, and must have such notice as the judge may deem reasonable; but if he is not in the state, the application may be heard and determined without notice."

The obvious purpose of this statute is to give an executor, who has been relieved by the will of giving bond, an opportunity to controvert the allegation of the affidavit (or sworn application) for bond that the interest of the affiant (applicant) in the estate is "endangered for want of security." It may be that an answer was made by the co-executors and testimony taken on the issue thus joined, but such answer and testimony are not before us. It has been held that, upon the filing of a sufficient affidavit (or sworn application) under § 97, Tit. 61, Code 1940, supra, the executor then has the burden of showing no necessity for a bond, that is, that affiant's (applicant's) interest in the estate is not "endangered for want of security." Bowie v. Phenix-Girard Bank, 237 Ala. 44, 46, 185 So. 363; Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 99, 114 So. 909. In this connection, we observe that §§ 97 and 190, Tit. 61, Code 1940, supra, do not require the court to order the giving of a bond or the filing of an inventory simply because there is an appropriate affidavit (or sworn application) to that end. Requiring a bond or inventory rests upon a judicial finding that affiant's (applicant's) interest in the estate "is, or will be, endangered for want of security." As said in Naugher v. Hinson, 211 Ala. 278, 279, 100 So. 221, 222:

"* * * The requirement of bond of an executor, who is relieved therefrom by the will, is only on a judicial finding that the estate is likely to be wasted to the prejudice of some per-

son interested therein. Code, 1907, § 2541 [Code 1940, Tit. 61, § 97, supra]."

Such finding necessarily is based on the particular facts and circumstances before the court, and is a matter which is addressed to the court's discretion.

Section 190 is practically the same as § 97, and should have a construction similar to that given § 97. See: Wright v. Menefee, 226 Ala. 55, 57, 145 So. 315.

In the exercise of the court's discretion in granting mandamus (Ex parte Dunlap, 260 Ala. 52, 55, 68 So.2d 533; Folmar v. Brantley, 238 Ala. 681, 685–686, 193 So. 122), we deem it appropriate, in view of what is now before us, that the order denying petitioners' application for bond and inventory be set aside and vacated, but without prejudice to further proceedings in the trial court for the purpose of determining whether the co-executors should or should not be required to give a bond or file an inventory. If Judge Jenkins sets aside and vacates said order within ten days after being advised of this opinion, the writ will not be issued.

Writ of mandamus awarded conditionally.

LAWSON, COLEMAN and HARWOOD, JJ., concur.